## HUBBARD, Guardian, *vs.* BAKER et al.

[ACTION ON PROMISSORY NOTE.]

1. *Non-suit; when properly taken.*—Where an action, founded on a promissory note, is tried on plea of the general issue and failure of consideration, if on the trial the note is excluded by the court as evidence, on the defendant's objection, the plaintiff may save the point by bill of exceptions, suffer a non-suit, and appeal to this court to have the same set aside under section 2759 of the Revised Code.

2. *Ordinance 38 of 1867; unconstitutionality of third section of.*—The third section of ordinance No. 38 of the convention of 1867, (Pamphlet Acts 1868, p. 185,) is unconstitutional.—*McElvaine v. Mudd, Adm'r,* 44 Ala. 48.

APPEAL from the Circuit Court of Russell.

Tried before Hon. LITTLEBERRY STRANGE.

This was an action brought by the appellant against the appellees, Baker, Bugg & Beasley, to recover the sum alleged to be due on a promissory note, which recited that it was given for the hire of three negro slaves. Issue was joined on the pleas of the general issue, and failure of consideration. On the trial, appellant offered to read the note to the jury as evidence in the cause. The defendant objected, on the ground that "it showed on its face that the consideration for which it was given was the hire of

three negroes." The court sustained the objection, and excluded the note from the jury. To this ruling of the court the plaintiff excepted, and a bill of exceptions was signed at his instance, and thereupon he suffered a non-suit, and judgment was rendered against him for costs. The plaintiff appeals to this court to have the judgment reversed and the non-suit set aside.

HOOPER, for appellant.
L. F. McCOY, contra.

PECK, C. J.—1. The exclusion of the note as evidence rendered a recovery by the plaintiff impossible; he therefore very properly suffered a non-suit under section 2759 of the Revised Code.

2. The court below no doubt excluded said note under the third section of ordinance No. 38 of the convention of 1867, (Pamph. Acts 1868, p. 185,) which is as follows: "Sec. 3. And be it further ordained, and it is hereby declared, that there is a failure of consideration, and it shall be so held by the courts of this State, upon all deeds, or bills of sale, given for slaves, with covenants of warranty of title or soundness, or both, and upon all bills, bonds, notes, or other evidences of debt, given for or in consideration of slaves, which are now outstanding and unpaid, and no action shall be maintained there; and that all judgments and decrees, rendered in any of the courts of this State since the 11th day of January, 1861, upon any deeds or bills of sale, or upon any bond, bill, note, or other evidence of debt, based upon the sale or purchase of slaves, are hereby declared set aside, and the plea of failure of consideration shall be held a good defense in all actions to said suits; Provided, that settlements and compromises of such transaction, made by the parties thereto, shall be respected."

After the trial of this cause, to-wit, at the January term of this court, 1870, the said third section of said ordinance was declared to be unconstitutional, because it impaired the obligation of contracts.—*McElvaine v. Mudd, Adm'r,*

44 Ala. 48. That decision leaves the ruling of the court below without any legal support.

The judgment must be reversed, the non-suit set aside, and the cause remanded for a new trial. The appellees will pay the costs, &c.